**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TARIUS D. GANAWAY, # M08848,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00978-JPG** |
| | ) | |
| **C/O PHILLIPS,** | ) | |
| **and PINCKNEYVILLE** | ) | |
| **CORRECTIONAL CENTER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tarius Ganaway, an inmate currently incarcerated at Stateville Correctional Center ("Stateville"), brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1).  He also asserts a civil rights claim pursuant to 42 U.S.C. § 1983.  Plaintiff claims that during his incarceration at Pinckneyville Correctional Center ("Pinckneyville"), Defendants facilitated his suicide attempt, in violation of the FTCA and his constitutional rights.  Plaintiff seeks declaratory judgment and monetary damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

1

**The Complaint**

According to the complaint, Plaintiff decided on February 11, 2012, that he "wanted and need[ed] to kill [him]self" (Doc. 1, p. 2).  At the time, Plaintiff was already on "suicide watch" in a cell that was stripped of any tools for use in committing suicide.  Still, Plaintiff notified staff about his suicidal thoughts.  He asked to speak with Pinckneyville's crisis team.

Defendant Phillips, a gallery officer, was the first to respond.  He initially dismissed Plaintiff's plea for help as a joke.  When Plaintiff requested the assistance of Pinckneyville's crisis team, Defendant Phillips responded by asking, "Why . . . would I do that when I know you['re] just trying to leave your cell" (Doc. 1, p. 2).

As they spoke, Defendant Phillips rummaged through a box of Plaintiff's confiscated property.  Defendant Phillips told Plaintiff that he found a razor and would issue Plaintiff a disciplinary ticket for possession of contraband.[1]  As Defendant Phillips said this, he slipped the razor into Plaintiff's cell and tossed it onto the floor.  Defendant Phillips then stated, "If you wan[t to] die so bad[,] here you go" (Doc. 1, p. 2).

Plaintiff took the razor and began to cut himself as Defendant Phillips watched.  Realizing that Plaintiff was serious about committing suicide, Defendant Phillips demanded the return of the razor.  Undeterred, Plaintiff covered the window of his cell and "began the process of killing [him]self [by] cutting deeper and harder" into both of his arms.  Defendant Phillips called for assistance.  The crisis team arrived 5-10 minutes later and took Plaintiff to Pinckneyville's health care unit (Doc. 1, p. 4).

Plaintiff now sues Defendants Pinckneyville and Phillips under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, based on claims of negligence, gross negligence,

---

[1] Plaintiff does not deny that this item was among his confiscated possessions, nor does Plaintiff indicate whether Defendant Phillips actually wrote him a ticket for it.

and recklessness (Doc. 1, pp., 1, 5).  He also raises a civil rights claim against them, based on Defendants' alleged violation of Plaintiff's rights under the Eighth and Fourteenth Amendments (Doc. 1, pp. 5-6).

## DISCUSSION

After fully considering the allegations in Plaintiff's complaint, the Court finds that Plaintiff has articulated a colorable claim against Defendant Phillips under the Eighth Amendment for deliberate indifference to his serious mental health needs (**Count 1**).  Prison officials are obligated to provide for the psychiatric care of inmates pursuant to their constitutional obligation to address an inmate's serious medical needs.  *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 669 (7th Cir. 2012) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001)).  Accordingly, Plaintiff shall be allowed to proceed with his claim that Defendant Phillips displayed deliberate indifference to his mental health needs by supplying Plaintiff, who was admittedly suicidal at the time, with a razor.

Plaintiff shall also be allowed to proceed at this early stage with his Eighth Amendment conditions of confinement claim (**Count 2**) against Defendant Phillips.  A prison official cannot be held liable "for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Sanville*, 266 F.3d at 734 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  The allegations in the complaint meet this basic pleading requirement.  Accordingly, Plaintiff shall be allowed to proceed with Count 2 against Defendant Phillips.

The allegations in the complaint fail to state a claim for relief under the Fourteenth Amendment (**Count 3**) (Doc. 1, pp. 1, 5).  The complaint does not develop any factual or legal basis for a Fourteenth Amendment claim, under the Equal Protection Clause, the Due Process Clause, or otherwise.  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.   A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Plaintiff alludes to "equal protection" in the complaint (Doc. 1, p. 5).  However, this reference is so sketchy that it does not put Defendants or the Court on notice of a claim. Accordingly, Count 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff has also failed to articulate a colorable FTCA claim (**Count 4**).   The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials.  Plaintiff sues a state agency and a state official.  Therefore, Count 4 must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Finally, all of Plaintiff's claims against Defendant Pinckneyville fail.  He cannot maintain a suit against a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of*

*State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).  Pinckneyville, which is a division of the IDOC, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit.  *See Will*, 491 U.S. at 71.  Even if Plaintiff had named a person, such as the prison warden, as a defendant, he would have fared no better.  There is no supervisory liability in a § 1983 action.  To be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville*, 266 F.3d at 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).   Accordingly, Defendant Pinckneyville is dismissed from this action with prejudice.

## PENDING MOTIONS

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be addressed in a separate order of this Court.

## DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 3** is **DISMISSED** without prejudice from this action for failure to state a claim upon which relief can be granted.  **COUNT 4** is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that **DEFENDANT PINCKNEYVILLE CORRECTIONAL CENTER** is dismissed with prejudice from this action.

The Clerk of Court shall prepare for **DEFENDANT PHILLIPS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this

Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Case 3:13-cv-00978-SMY-PMF   Document 6   Filed 10/18/13   Page 7 of 7   Page ID #20

        If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

        Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

        Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

        **IT IS SO ORDERED.**

        **DATED:  October 17, 2013**


                                                    *s/ J. Phil Gilbert*
                                                    **U.S. District Judge**

7