IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TARIUS D. GANAWAY, #M08848,

        Plaintiff,

    vs.

JIMMY PHILLIPS,

        Defendant.

Case No. 13-978-SMY-PMF

**ORDER FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 27), on which a hearing was held pursuant to Federal Rule of Civil Procedure 55(b)(2) on March 18, 2015. Plaintiff alleges in his Complaint that on February 11, 2012, after deciding that he wanted to commit suicide and needed help, he alerted the staff at Pinckneyville Correctional Center that he needed to see the crisis team. Defendant Jimmy Phillips, Gallery Officer at Pinckneyville Correctional Center, was the first officer to respond. When Plaintiff asked Defendant Phillips to call the crisis team, Defendant Phillips responded with "Why the fuck would I do that when I know your [sic] just trying to leave your cell." When Plaintiff tried to explain his feelings, Defendant Phillips "began to laugh and call me 'a fucken [sic] joke.'"

After a few minutes, Defendant Phillips began to look through Plaintiff's property box that had been previously confiscated, found a razor and stated "if you wana [sic] die so bad here you go." Defendant Phillips then threw the razor through the food tray door into Plaintiff's cell. Plaintiff took the razor and began cutting himself. Defendant Phillips then called for the crisis team. Plaintiff's wounds were bandaged and he was placed in the health care unit. Plaintiff seeks compensatory and punitive damages.

After non-meritorious claims were dismissed, the case moved forward as to Plaintiff's claims in Counts I and II against Defendant Phillips—claims under the Eighth Amendment for deliberate indifference to his serious mental health needs and inhumane conditions of confinement.  Defendant Phillips signed a waiver of service of summons on November 5, 2013, in which he  acknowledged his understanding that "he must file and serve an answer or motion… within 60 days…" as well as his understanding that, if he failed to do so, "a default judgment will be entered against me or the entity I represent" (Doc.10).  Defendant Phillips did not file an answer or motion and has not otherwise appeared before the Court.  The Clerk of Court entered default against him pursuant to Federal Rule of Civil Procedure 55(a) on January 13, 2015 (Doc. 24).

Federal Rule of Civil Procedure 8(b)(6) provides that allegations are deemed admitted when a responsive pleading is required and the allegation is not denied.  Defendant Phillips failed to respond and deny Plaintiff's allegations.  Accordingly, the Court interprets his failure as an admission to the allegations in Plaintiff's Complaint.  Further, Rule 55(b)(2) provides for a default judgment to be entered against a defendant and a hearing to be held when a court needs to determine the amount of damages.  The Court held such hearing on March 18, 2015 (Doc. 31).

At the hearing, Plaintiff provided evidence of his damages by way of testimony as to his injuries that resulted from the February 11, 2012 incident.   Specifically, Plaintiff testified that his physical injuries included two cuts to the top of his left hand and multiple cuts on the underside of both arms.  The Court examined Plaintiff's hands and arms and noted  scarring from the cuts.  Plaintiff also testified that the incident  caused him mental distress and exacerbated his suicidal thoughts in that prior to the incident, he had not attempted suicide but afterwards, believed that if he tried again, "next time, maybe, it will actually work…"  He continues to

experience suicidal ideations.  Plaintiff also received additional mental health treatment as a result of the incident.

In determining an appropriate amount of compensatory damages, a court may not award damages that are "monstrously excessive" or lack a rational connection to the evidence. *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009) (citing *Thomas v. Cook County Sheriff's Dep't,* 588 F.3d 445, 462 (7th Cir.2009)).  "The required 'rational connection' between the evidence and the award does not imply mathematical exactitude, especially where the compensatory damages are for pain and suffering."  *Id*.  A prisoner is not required to present "objective medical evidence" to quantify his pain and suffering, as pain is "uniquely subjective." *Id* (citing *Greeno v. Daley,* 414 F.3d 645, 655 (7th Cir.2005) and *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996)).  Here, based on the evidence presented, the Court finds that the physical, mental and emotional pain and suffering that Plaintiff has and continues to endure supports compensatory damages in the amount of $5,000.

Punitive damages may be awarded under 42 U.S.C. § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  *Smith v. Wade,* 461 U.S. 30, 56 (1983). To be entitled to an award of punitive damages, the plaintiff must demonstrate that the defendant "almost certainly knew that what he was doing was wrongful and subject to punishment." *Soderbeck v. Burnett County,* 752 F.2d 285, 291 (7th Cir.1985).  "The focus, in determining the propriety of punitive damages, is on the intent of the defendant and whether the defendant's conduct is of the sort that calls for deterrence and punishment over and above that provided by compensatory awards."  *Schaub v. VonWald*, 638 F.3d 905, 927 (8th Cir. 2011).

Plaintiff has demonstrated that Defendant Phillips not only acted with callous indifference in ways that were certainly known to be wrong and subject to punishment, but acted with malicious intent.  Defendant Phillips actually challenged and encouraged Plaintiff—an inmate on suicide watch with serious mental health needs— to harm himself.  Defendant Phillips further exemplified his evil motive by providing Plaintiff with a razor.  This conduct is unquestionably the type of conduct that calls for deterrence and punishment over and above that provided by an award of compensatory damages.  Accordingly, the Court  awards Plaintiff $25,000 in punitive damages.

The Court being fully advised and having considered all relevant facts in light of the legal standards cited above, GRANTS Plaintiff's Motion for Default Judgment.  Judgment shall be entered against Defendant Jimmy Phillips and in favor of Plaintiff Tarius D. Ganaway in the amount of $5,000 for compensatory damages and $25,000 for punitive damages.

**IT IS SO ORDERED.**

**DATED:** April 2, 2015

<u>s/  Staci M. Yandle</u>
**STACI M. YANDLE**
**DISTRICT JUDGE**

4